UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAMON EDWARD SWANIGAN,

Petitioner,

v.

M. D. BITER, Warden

Respondent.

)
)
)
)
)
)
)
)
)
)
)

NO. CV 14-7055-RGK (AGR)

OPINION AND ORDER ON
PETITION FOR WRIT OF
HABEAS CORPUS

On September 10, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction in Los Angeles County Superior Court. (Petition at 2.)

## I.

## PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in this district: *Swanigan v.*

1
2
3
4

*Pliler*, CV 01-2485 RSWL (SGL) ("Swanigan I")[1]; *Swanigan v. Pliler,* CV 02-2355 RSWL (SGL) ("Swanigan II");[2] *Swanigan v. Pliler*, CV 02-6784 ABC (SGL) ("Swanigan III"), and *Swanigan v. Small*, CV 08-4954-RSWL (AGR) ("Swanigan IV").

5
6
7
8

On August 29, 2002, in Swanigan III, Petitioner filed a petition for writ of habeas corpus by a person in state custody.  *Id.*, Dkt. No. 1.  Petitioner challenged his 1998 conviction for two counts of robbery with enhancements. (*Id.*, Dkt. No. 10 at 1.)

9
10
11
12
13
14

On November 20, 2002, the Court entered Judgment denying the petition in Swanigan III and dismissing the action with prejudice as barred by the one-year statute of limitations.  *Id.*, Dkt. Nos. 10-11.  On December 19, 2002, Petitioner filed a Notice of Appeal.  *Id.*, Dkt. No. 12.  On July 30, 2003, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  *Id.*, Dkt. No. 21.

15
16
17

On August 6, 2008, in Swanigan IV, the Court summarily dismissed the petition for lack of subject matter jurisdiction because it was a second or successive petition.  (*Id.*, Dkt. No. 3.)  Petitioner did not appeal.

18
19

## II.

## DISCUSSION

20
21
22
23

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

24
25

26
27

[1]  On April 6, 2001, the Court dismissed Swanigan I without prejudice pursuant to Swanigan's motion for voluntary dismissal so he could exhaust his grounds for relief.

28

[2]  On May 31, 2002, the Court dismissed Swanigan II without prejudice.

1    The AEDPA provides, in pertinent part:  "Before a second or successive

2  application permitted by this section is filed in the district court, the applicant shall

3  move in the appropriate court of appeals for an order authorizing the district court

4  to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not

5  have jurisdiction to consider a "second or successive" petition absent

6  authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.

7  Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

8  Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

9  of proper authorization from the court of appeals, consider a second or

10  successive habeas application.") (citation and quotation marks omitted).

11    Here, the Petition is a second or successive petition that challenges the

12  same custody imposed by the same judgment of the state court as in Swanigan

13  III.  (Petition at 2.)  It plainly appears from the face of the Petition that Petitioner

14  has not received authorization from the Ninth Circuit Court of Appeals to file the

15  Petition.  This Court must, therefore, dismiss the Petition as a second or

16  successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3).

17  *See Burton*, 127 S. Ct. at 796-98.

18    Rule 4 of the Rules Governing Section 2254 Cases in the United States

19  Courts provides that "[i]f it plainly appears from the face of the petition and any

20  attached exhibits that the petitioner is not entitled to relief in the district court, the

21  judge must dismiss the petition and direct the clerk to notify the petitioner."  Here,

22  summary dismissal is warranted.

1

2

## III.

## **ORDER**

            IT IS HEREBY ORDERED that Judgment be entered summarily dismissing

the Petition and action for lack of subject matter jurisdiction.

DATED:  September 18, 2014

_____

R. GARY KLAUSNER
United States District Judge

4